IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **AYANA MACK** <br><br> Plaintiff, <br><br> v. <br><br> **HOPE MEDIA GROUP** <br><br> Defendant. | CA No.: <br><br><br> JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Ayana Mack complains of Defendant Hope Media Group and for cause of action would show the Court as follows:

## INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this action against Defendant for its race discrimination violation under 42 U.S.C. § 1981.

## PARTIES

3. Plaintiff Ayana Mack is an individual who resides in Humble, Texas.

4. Defendant Hope Media Group or "Defendant" is a corporation registered to do business in Texas. Defendant can be served by serving its registered agent, Cogency Global, Inc. 1601 Elm Street Suite 4360 Dallas, Texas 75201.

## VENUE

5. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division because the events or omissions giving rise to the matter in controversy occurred in this district and because Defendant has substantial contacts within this district. Venue is proper in this Court under 28 U.S.C. § 1391.

## JUSRISDICION

6. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, under 28 U.S.C. §1331 and 42 U.S.C. § 1981.

7. The unlawful employment practices were committed within the jurisdiction of this Court.

## CONDITIONS PRECEDENT

8. No administrative exhaustion or other conditions precedents are required prior to the filing of claims under 42 U.S.C. § 1981.

## FACTS

9. Ayana Mack, an African American female, is a well-known on-air personality, voice talent, public speaker with an extensive resume and career.

10. At the time of her termination, Ms. Mack was the Ngen Morning Show Host an assumed name under Hope Media Group. Defendant had employed her for three years. Defendant had initially hired Ms. Mack to do the evenings, then asked her to do afternoons, promoted to days and ultimately made Assistant Program Director ("APD") as discussed (see below.

11. After Defendant's Program Director left, Defendant asked Ms. Mack to take over the Acting or Assistant Program Director in addition to her morning show. Ms. Mack took on the extra duties with the go-getter attitude she always exhibited. She did well at the job.

12. Defendant, instead of offering or even posting the Program Director job simply gave it to Chris Chicago, a non-African American male. Plaintiff expressed her disappointment to Station Manager Brian Meza, after learning that the station gave Mr. Chicago the promotion. Defendant admitted that Plaintiff was doing a great job. Plaintiff and Mr. Meza discussed that Plaintiff was training Mr. Chicago to run the board and do his show live. He was too nervous and recorded his show. Because Mr. Chicago refused to do a live show (which he was hired to do) he station had to purchase and Extra Vox Pro Machine for him while Plaintiff was APD and Mr. Chicago was the talent.

13. Since Defendant had been made aware of Mr. Chicago's lack of experience compared to Plaintiff's she was very disappointed that they promoted him over her as she was significantly more qualified.

14. Plaintiff had a previous conversation with Brian Meza wherein she told him she wanted to attend CMB for more training since she was APD and wanted to meet more people in the Christian industry. Mr. Meza told Plaintiff that she didn't want to go there because it is "just a bunch of **white** guys." He failed to give her the opportunity to attend.

15. Not only Defendant unfairly and discriminatorily overlook Plaintiff for the Program Director position but retaliated and put her job in jeopardy after she made her opposition clear.

16. In fact, Plaintiff put those discriminatory opposition concerns in writing in March 2017.

17. Defendant did exactly that in October 2018 by putting Plaintiff on probation and ultimately firing her. Defendant's reason were false and not legitimate business reasons. In fact, Defendant only fired Plaintiff after she reported that Chris Chicago was engaging in "Payola" or pay for play radio airtime.

18. While Defendant fired Plaintiff, it did not fire Mr. Chicago, the non-African American for his criminal Payola actions.

19. Defendant discriminated and retaliated against Plaintiff in violation 42 U.S.C. § 1981.

## CAUSE OF ACTION

### I.
### *RACE DISCRIMINATION & RETALIATION 42 U.S.C. § 1981.*

20. Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

21. Defendant has discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race. Plaintiff was subjected to discriminatory treatment that resulted in her unlawful termination on the basis of her race, in violation of 42 U.S.C. § 1981.

22. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and/or conducted in callous disregard of the rights of Plaintiff – entitling Plaintiff to punitive damages.

23. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost employment opportunities, lost wages, lost back pay and front pay, lost benefits, and attorneys' fees and costs. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendant under 42 U.S.C. § 1981.

24. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer impairment to her name and reputation, humiliation, embarrassment, emotional distress, and mental anguish. Plaintiff is entitled to recover damages for such injuries form the Defendant under 42 U.S.C. § 1981.

## DAMAGES

25. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

## ATTORNEY'S FEES

26. Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & ASSOCIATES, 3518 Travis Street, suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to Plaintiff would be equitable and just and therefore authorized by 42 U.S.C. § 1981.

## JURY DEMAND

27. Plaintiff hereby re-states her request for a jury trial.

## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer herein, and then on final hearing, Plaintiff have judgment as follows:

   a. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;
   b. Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;
   c. Judgment against Defendant, for front pay by Plaintiff as alleged herein;
   d. Grant Plaintiff general damages for the damage to Plaintiff's reputation;
   e. Pre-judgment interest at the highest legal rate;
   f. Post-judgment interest at the highest legal rate until paid;

g. Compensatory damages;

h. Attorney's fees;

i. All costs of court expended herein;

j. Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
Attorney-in-Charge for Plaintiff
USDC SD/TX No. 7325
Texas State Bar ID 17268750
Gregg@rosenberglaw.com
Nazanin Salehi
USDC SD/TX No. 3384749
Texas State Bar ID 24103913
ROSENBERG & ASSOCIATES
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)